# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1379
Filed July 22, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Tyrice Lee Williams-Walker,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Tabitha Turner, Judge.

———————————

**AFFIRMED**

———————————

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake,
attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Tyrice Lee Williams-Walker appeals his prison sentences for two counts of domestic abuse assault against a pregnant person with intent to inflict serious injury. On appeal, he argues the State breached the plea agreement when the prosecutor failed to sufficiently advocate for suspended sentences. Because we conclude the prosecutor's statements were permissible under our supreme court's precedents, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

On two separate occasions in 2025, Williams-Walker struck his romantic partner who was pregnant at the time. The State charged Williams-Walker by trial information in two separate cases. The first charged Williams-Walker with domestic abuse against a pregnant person with intent to inflict serious injury in violation of Iowa Code section 708.2A(2)(e) (2025) and domestic abuse assault as a second offense in violation of section 708.2A(3)(b). And the second charged Williams-Walker domestic abuse against a pregnant person with intent to inflict serious injury in violation of Iowa Code section 708.2A(2)(e).

The parties entered into a global plea agreement to resolve both cases. As part of the agreement, Williams-Walker pleaded guilty to two counts of domestic abuse against a pregnant person with intent to inflict serious injury in violation of Iowa Code section 708.2A(2)(e). And the State would dismiss the second offense domestic abuse assault case. The State and Williams-Walker agreed to jointly recommend consecutive terms of incarceration that would be suspended in favor of probation.

At sentencing, both parties recommended suspended consecutive sentences. Williams-Walker's defense counsel discussed Williams-Walker's

age, criminal history, and his family history including growing up without a father, as well as the presentence investigation's recommendation of a prison sentence. Ultimately, counsel asked the district court to sentence Williams-Walker to a suspended sentence in lieu of incarceration. After Williams-Walker's counsel finished his sentencing recommendation, the State gave the following sentencing recommendation:

> I believe [defense counsel] kind of summarized it best. I mean, this is exactly what it looks like. This is a last-chance plea offer for this defendant for him to figure it out; to hopefully start making better choices; and for him to, frankly, not be the absent father that he had growing up. And I think it's important for the children—or child that they already have and the child that is on the way—that, at some point, he have the tools to succeed so that he can be present in that child's life.

> But, you know, make no mistake about it. I also think it's very important for this defendant to know that if this Court goes along with this plea agreement and grants him probation, given that he's already screwed up while awaiting sentencing, it will be an incredibly short leash. And if he does screw up and is found back here, I will have zero qualms or concerns about recommending revocation and prison for him. And that's not what I want. I hope he's successful. And I mean that because this is a young man.

> But, you know, he's got a violent criminal history. It may not be extensive, but he does have one. But it is the position of the victim—and I do believe that's important in these cases—that she wants him to have an opportunity to get it together and to try and turn his life around. And so the State is willing to give him that opportunity as well.

> I would note that both [defense counsel] worked very hard to get this plea agreement on behalf of their client, worked very diligently to get this offer for their client. I do think it's a fair offer. And so we are respectfully requesting that he Court go along with it. Thank you, Judge.

After the parties gave their recommendations, the district court noted it considered Williams-Walker's prior criminal history, employment status, family circumstances, mental health, and substance use history; the nature

of the offense; and the plea agreement. And in this case, the district court noted its concern with the fact that this offense was committed against the pregnant mother of Williams-Walker's children, as well as the fact that Williams-Walker had been violating the no-contact order during the pendency of the underlying case. The district court then sentenced Williams-Walker to consecutive five-year indeterminate terms of incarceration. The district court denied the parties' recommendation for probation. Williams-Walker now appeals.

## DISCUSSION

Williams-Walker's argument on appeal is that the State's sentencing recommendation breached the plea agreement because the State failed to advocate for the plea agreement. We review an allegation that the State breached a plea agreement during sentencing for correction of errors at law. State v. King, 576 N.W.2d 369, 370 (Iowa 1998).

Williams-Walker's primary argument is that the prosecutor's reference to negative information in Williams-Walker's background rendered the prosecutor noncompliant with the plea agreement. Our supreme court has said, "Prosecutors cannot simply inform the court of the agreement, they must present the recommended sentences with their approval, commend the sentences to the court, and otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance." *State v. Patten*, 981 N.W.2d 126, 131 (Iowa 2022) (cleaned up). And part of the prosecutor's duty is not to inject material reservations about the plea agreement into the proceedings. *See id.*

Here, we find the prosecutor did advocate for the plea agreement. While the prosecutor noted the consequence of violating probation could

result in Williams-Walker being sentenced to prison, the prosecutor noted, "And that's not what I want. I hope he's successful. And I mean that because this is a young man." Additionally, the prosecutor noted that he was making this recommendation despite Williams-Walker's criminal history. Upon our review, we do not find any reservations about the plea agreement.

Further, at no point did the prosecutor commit any of the actions our supreme court has found would violate a plea agreement including,

> expressing regret for entering into the plea agreement; as well as implicit reservations, such as proposing alternative sentences, requesting an appropriate sentence rather than the agreed-upon sentence, making a recommendation and then reminding the court it is not bound by the plea agreement, or emphasizing a more severe punishment recommended by the presentence investigation author.

*See id.* at 131–32 (cleaned up). And while this list is not exhaustive, we cannot find any error by the prosecutor that amounted to a breach of the plea agreement. Because we do not find the prosecutor breached the plea agreement, we affirm Williams-Walker's sentences.

**AFFIRMED.**